Good morning, Your Honors. Good morning. Nice seeing you. I'm up from Tucson. It's been a while since I've been here. I'm the appellant. I represent the appellant, Banos-Mejia. My name is Tom Higgins. I'm a defense attorney in Tucson. Welcome. If I might, Judge, I would like to – there's three issues that we raised before coming in here. They actually all have a thread that runs through them. The issues are the appellate waiver that the government has taken issue with, the question of the analysis, the Taylor analysis of the New York statute involved here, and the third part is the abuse and discretion question from the failure to allow the withdrawal of the plea. But like I said, all three of those have a thread through them, and that thread is notice. It's important for the court, in considering all these things that come up, to acknowledge the sequence in a case and how it kicks in, and this applies to all three issues. You have a plea, you have a pre-sentence report, and you have objections in the sentencing. The plea, and one of the cases that Your Honors asked us to look at, was the case of Aguilar-Balboaena concerning a plea waiver. In that case, this court considered the fact as a factor that there were six ranges of sentences possible in the Aguilar-Balboaena case. In this case, there were 48 ranges of sentence, ranging from zero to 71 months. That's in the plea. That's found in excerpt number one of the government's excerpts of the record. Now, so if you look at this, a defense attorney and the government have come to a contract that the range will be in that area. Now, the PSR comes out, and the PSR says, by looking at the charging document in New York for the underlying felony, which is the 1326 enhancement, and nothing else, this is a 16-level bump, as we call it, for failure to, for a crime of violence. Now, at this time, the procedure in our district, and I believe elsewhere, is that the defense attorney files objections to the record, which he did. Now, those objections were in August 16th of 2011. At that time, he put in there, and it's in the record on appeal, in his objections, I don't have anything but the reliance of the PSR on one item, the charging document, the information out of there. So I can't do a Taylor modified categorical analysis. The ---- And so in this case, the PSR's claim is that, yes, we have the charge of failure to file an appeal, and we can go ahead and construe that against the drafter, in this case, the government. We get to the merits of it. And let's get by the Taylor analysis for a moment. Why is this not categorically a crime of violence? All right. That is really the issue there. The case law is pretty much all over the place. The crime of violence and the reason this case is particular is because of its label as a statutory rape. In the plea agreement, Mr. Banos Mejia said, I illegally reentered this country, and I have a statutory rape, a felony. That's it. So when you get to the next step is, is the New York statute, which is section 130.30 under a Taylor analysis, is that different or overbroad as to the generic definition? Not only is it, but the government conceded that. In the record on appeal, on the opposition to the objections to the PSR, the government said yes, that it is overbroad. And that's because there are two sections under New York Penal Code 130.30, section 1 and section 2. Section 2 has to do with sexual activity with someone who is mentally incompetent, et cetera. But it's overbroad and not included in the Federal generic definition. So the question then becomes, in the modified categorical analysis, what happens here? Again, I'm going to draw it back to the fact that this is all happening less than one month prior to sentencing. The ---- Well, didn't the government assert both arguments in the district court that under the Taylor analysis, this would be a crime of violence, but in the alternative, this is categorically a crime of violence because it meets the definition of a sexable, forcible sex offense? That was the argument, and that's, in fact, in the Appellee's brief. And it was made, Ms. Seeger made that argument at the trial level. But the problem is the consent, and is this a crime of violence or forcible because it is statutory? There is nothing in any record anywhere that this was anything but a charge of statutory rape, almost by any definition. There's no consent. Do we know any of the facts? No. That's kind of the problem because what the government did on the 18th of August 2011 is file the information which my client had consented to, to second-degree rape under the statute and the certificate of disposition. The certificate of disposition doesn't have any of the facts in it. Some of the only facts involved were from the objections to the pre-sentence memorandum by the defense counsel in it, that the parties were less than three years, they still were living together when he was arrested for this fact. That's really kind of the problem because if you look at the courts in Castillo v. Moran, another case that you'd ask us to consider, they list the type of things that the court needs to consider in this analysis, and that includes the charging document, includes the PSR, which we don't have, it includes factual issues that the defendant assented to. We don't have that. So what we have is a certificate of disposition that says he was sentenced for three years, and the information which the PSR in this case relied on. We don't have any facts. That's true. That was part of the problem, and that leads into the third argument about was it an abuse of discretion for Judge Burry to not allow the withdrawal of the plea. Okay. Now, you also argue quite extensively in your brief that the, at least Section 1 of the law doesn't require mens rea, and that was the reason it was categorically not a crime of violence. Right. It was because of the knowing. And where in the Federal equivalent does it have a mens rea requirement? I don't think it does, because the only ones in the Federal case law break it out as to four years difference in the age of the parties when it's defining statutory rape. And I don't believe that mens rea is in it. However, I believe that it only goes to the analysis of whether this kicks it into a modified Taylor analysis. That's the difference when we argued on Espinoza's, Estrada Espinoza. All right. Do you want to save your time for rebuttal? No, Judge. I'm running very short of time right now. Anyway, I think I've covered the issues. Thank you very much. All right. Good morning, Your Honor. Erica Sager on behalf of the District of Arizona in Tucson. The defendant's prior conviction in this case – well, the Court should dismiss the defendant's appeal in this case because he did knowingly waive his right to appeal the sentence imposed by the District Court. This Court has determined that the Court will decline to enforce a plea waiver if Rule 11 has been violated. The District Court informed the defendant he retained the right to appeal. The sentence did not comport with the plea agreement or the sentence. Counsel, we're familiar with the law, okay? So let's assume that we don't agree with you just hypothetically. I'm not saying we wouldn't, but let's address the categorical – modified categorical argument because that's, I think, where the panel would have most questions. Very well, Your Honor. The defendant's prior conviction would categorically qualify as a forcible sex offense. The conviction that the – the statute under which the defendant was convicted required either that he, being over the age of 18, engage in sexual intercourse with someone under the age of 15, or the alternative, that he engage in sexual intercourse with a person who is incapable of consent. And the New York statute – statutory scheme in New York Penal Law 130.05 also indicates that every – each offense under Article 130, which is what the defendant was convicted under, requires that there not be consent on the part of the victim. And so in this case, regardless of which subsection he was convicted under, there is, as an element of the offense, that the victim did not consent to the sexual intercourse. So as a result, this would categorically be a forcible sex offense under the expanded definition in the 2008 guidelines. So your argument is we don't get to the modified categorical analysis? With regard to whether or not it's a forcible sex offense, I do not believe the Court needs to get to a modified categorical analysis. But we would if it were simply statutory rape? Correct. And would you agree that, under our law, simply looking at the charging documents would be insufficient? Yes, Your Honor. However, in this case, there is more than just the charging document. We submitted to the Court the charging document, the waiver of the right to be indicted, and the certificate of disposition. And in this case, the defense counsel – well, first, we're not asking the appellate court here to take judicial notice of those facts. The district court already did that, and that was conceded by the defense counsel at the district court level. That was the focus of the argument with regard to whether or not the 16-level enhancement applied. Is the certificate of disposition deemed sufficiently reliable under the Court's Castillo-Marin precedent? In the Castillo-Marin case, this Court determined that the certificate of disposition by itself was subject to reasonable dispute and remanded the case back to the trial court to determine whether or not there was a reasonable dispute as to the subsection under which the defendant was convicted. The facts are different in this case because those documents were already submitted to the Court. The Court did take judicial notice of them. There was no objection by the defense counsel as to their reliability, and they're already part of the record. So it's not a situation where we're asking this Court to take judicial notice of those documents. They've already been submitted and relied upon at the trial court level. Scalia. I am still a little troubled that we don't we know so few facts. And looking at that New York statute, which was changed so that the rapist could be married to the victim, there's no requirement that they be unmarried. It's certainly possible that people married in a foreign country where an 18-year-old could marry a 15-year-old, that they were married. It would still be a crime of violence under your argument. Now, how do you deal with that hypothetical? You may think of it as hypothetical, but we don't know. Your Honor, I'm not aware. I know that the statute itself, it's an affirmative defense. If there's less than a 4-year age difference between the perpetrator and the victim, I'm not aware that it's a defense that they were married. No, it's not. That's what I'm saying. It is not a defense under the current amended New York law. And I think that's a pretty strange result if you're dealing with a couple that got married abroad, and it was legal to be married at those ages, and they moved to New York. Your Honor, I'm not aware of any case where that obviously was prosecuted as a rape in the second degree. No, but in terms of the law, it could be. I'm sure you and I are not aware of all the New York prosecutions, but if you read the text of the New York law, they could prosecute a married couple, legally married people, who was moved to New York and 4 years apart in those teen ages. Yes, Your Honor, they could. And that would be a crime of violence then? It would still qualify for a forcible sex offense enhancement. Qualify as what? For the forcible sex offense enhancement, yes, sir. Even though it was perfectly legal where they came from? Correct, because it would still be illegal under the New York laws. Well, that would be an interesting case, and whether there would be other defenses, but given that, does that undermine the government's argument that it's categorically nonetheless a crime of violence? It does not, Your Honor, because regardless of whether or not the parties were married, which they were not in this case, but the statute still requires that there not be, that there still has the element of lack of consent on the part of the victim. So regardless of whether or not they were married, it is still an element of the statute that requires that there be no consent. And you're confident that New York law would, what, deem it nonconsensual even if they were married? I'm not prepared to answer that question, Your Honor. Okay. Is your office the same office that negotiated the appellate waiver in the Aguilar Balbuena case? Yes, Your Honor. So it seems like it's a standard language for negotiated plea agreements involving appellate plea waivers for your office? Your Honor, I think the difference between what the court talked about in Aguilar Balbuena and the case that we have here is here at the magistrate level during the change of plea, the magistrate judge went over the different ranges in the plea agreement, who was going to determine what criminal history category and what offense level would apply, and that then if the defendant was sentenced in accordance with the plea agreement, with those provisions, then he would give up his right to appeal. And I believe that's on pages 8 and 9 of the transcript of the change of plea. So it was very different than the facts that were present in Aguilar Balbuena. Because in Aguilar Balbuena, the magistrate judge never addressed whether or not the defendant understood he was waiving his right to appeal, provided the sentence was consistent. And in this case, we did have the magistrate judge who went over all the different ranges within the plea agreement and then made the determination. But did he ever explain what is meant by provided that the sentence is consistent with this plea agreement? That's the same language that was problematic in the prior case, and it seems to me that that's the same language that's potentially problematic here. Well, Your Honor, what the magistrate judge did was go through. He said that you're talked about that the district court would determine which of the offense levels applied, which criminal history category applied, whether or not you're on a term of supervised release. And then you're agreeing that the district court can impose a sentence within that applicable range. And then he goes on to say that the range permitted is between 0 and 87 months. And then the next statement down says he understands he's giving up his right to appeal or challenge the conviction and the sentence the district court imposes so long as the district court sentences you pursuant to the terms of your agreement. And so what the magistrate judge did in this case was went through what those terms were and then asked the defendant if he understood he was giving up his right to appeal if he was sentenced consistent with what he had just talked about, which is not what happened in the Aguilar-Balbuena case. Well, counsel, when a panel of this Court finds your plea agreement with identical language ambiguous or unclear, that's a good signal that the office ought to take a look at redrafting or reframing the language so you don't have to litigate it. I will relay that message, Your Honor. Thank you. So in conclusion, the plea should be dismissed or the appeal should be dismissed in this case because there was a valid appellate waiver. In the alternative, should the court reach whether or not the enhancement is appropriate, the defendant's prior conviction does categorically qualify for forcible sex offense. Thank you. My understanding is counsel doesn't want rebuttal, so. No, Your Honor. I was trying to write off the ruling anyway. All right.  Thank you, counsel. We appreciate the argument, and the case is submitted.
judges: Noonan, Fisher, Nguyen